The Honorable Randy Rankin State Representative 944 Grand Lake Loop Eudora, AR 71640-9659
Dear Representative Rankin:
You have requested an Attorney General opinion concerning the blocking of access to levees. I am issuing this opinion in response to your request.
You indicate that your question arises out of a situation in which someone has bought elk and has pinned them in on the levee of the Mississippi River, locking the gates and blocking access to the levee. You state that the Army Corp of Engineers has an easement to the levees and maintains them.
You have asked:
Are levees public property or private property?
RESPONSE
Under Arkansas and federal law, levees can be either private or public property.
Federal law gives the U.S. Army Corps of Engineers the right to obtain an easement on (or title to) all levees of the Mississippi River. See33 U.S.C. § 591. Fee title to the levee may also be held by a private entity or individual, or by a public entity, such as a city, a county, or a levee district.
Cities and counties are expressly given the power to obtain, by eminent domain, title to levees, or to easements thereon. See A.C.A. §§18-15-301; 14-16-112. Moreover, the creation of levee districts is expressly authorized by statute, A.C.A. § 14-123-201, and such districts are granted the power to exercise eminent domain to obtain title to levees or to easements thereon. A.C.A. § 18-15-112.
If a levee is privately owned and has not been condemned to the public use, the act of blocking access to it is not a violation of law. Indeed, entering upon such a levee without the owner's consent is a crime. A.C.A. § 5-72-110. If, however, a public highway or other public passage on or across the levee has been duly established under the authority of law, the act of obstructing that public highway or passage is a crime. A.C.A. § 5-71-214.
On the basis of the foregoing principles of law, I must conclude that the question of whether it is lawful for the levee you have described to be used as a pasture for elk will depend upon various factual matters, including the ownership of the levee, whether any person or entity has obtained easements or other lawful bases for entering upon the levee, and whether any public passage across the levee has been established by law.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General